IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACP Holding Company, et al.,[1] | ) | Case No. 03- 12414 (____) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**AFFIDAVIT OF LAURA DAVIS JONES
IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER
UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING
THE EMPLOYMENT OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C. AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

LAURA DAVIS JONES, ESQUIRE, being duly sworn, deposes and says:

1. I am a shareholder in the firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJ&W" or the "Firm"), located at 919 North Market Street, 16th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, and have been duly admitted to practice law in the State of Delaware, the United States District Court for the District of Delaware, the United States Court of Appeals for the Third Circuit, and the Supreme Court of the United States. This Supplemental Affidavit is submitted in connection with the Application for Order Under Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as Counsel for the Debtors and Debtors in Possession (the "Application").

---

[1] The Debtors consist of the following entities: ACP Holding Company, NFC Castings, Inc., Neenah Foundry Company, Cast Alloys, Inc., Neenah Transport, Inc., Advanced Cast Products, Inc., Gregg Industries, Inc., Mercer Forge Corporation, Deeter Foundry, Inc., Dalton Corporation, Belcher Corporation, Peerless Corporation, A&M Specialties, Inc., Dalton Corporation, Warsaw Manufacturing Facility, Dalton Corporation, Ashland Manufacturing Facility, Dalton Corporation, Kendallville Manufacturing Facility, Dalton Corporation, Stryker Machining Facility.

2. Neither I, the Firm, nor any shareholder, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors, their creditors or any other parties in interest herein, or their respective attorneys except as set forth in the Original Affidavit or as set forth below:

    a. The Debtors have and will retain various professionals during the pendency of these cases. The following is a non-exclusive list of professionals the Debtors intend to seek to retain on or shortly after the Petition Date other than PSZYJ&W: Kirkland & Ellis LLP, Houlihan Lokey Howard & Zukin, Ernst & Young, Bankruptcy Services LLC and Innisfree M & A Incorporated (the "Professionals"). PSZYJ&W may have previously worked with the Professionals representing parties with similar interests or parties with adverse interests.

    b. This Firm and certain of its shareholders, counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and these chapter 11 cases. At this time, PSZYJ&W is not aware of such representations other than as disclosed herein. The Firm will be in a position to identify with specificity any such persons or entities when a list of all creditors of the Debtors has been reviewed and will make any further disclosures as may be appropriate at that time.

3. PSZYJ&W is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that said firm, its shareholders, counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtors;

b. are not and were not investment bankers for any outstanding security of the Debtors;

c. have not been, within three (3) years before the date of the filing of the Debtors' chapter 11 petitions, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

d. are not and were not within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

4. PSZYJ&W has received a $250,000.00 retainer (plus filing fees of $14,110.00) from the Debtors in connection with the preparation of initial documents and their proposed postpetition representation of the Debtors. A portion of that amount has been applied to outstanding balances and the Debtors are current on all obligations to PSZYJ&W for fees and expenses as of the Petition Date; the remainder will serve as the retainer for these cases.

5. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys designated to represent the Debtors and its current standard hourly rates are:

| | |
|---|---|
| Laura Davis Jones | $560.00 per hour |
| James E. O'Neill | $395.00 per hour |

| | |
|---|---|
| Rachel Lowy Werkheiser | $280.00 per hour |
| Amy Espinosa | $130.00 per hour |
| Marlene Chappe | $125.00 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

6. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

7. No promises have been received by the Firm or by any shareholder, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the shareholders, of counsel and associates of the Firm.

Dated: 8/5, 2003

Laura Davis Jones

SWORN TO AND SUBSCRIBED Before me this 5th day of August, 2003.

Holly T Walsh
Notary Public

My Commission Expires: 02/11/04