IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACP Holding Company, et al.,[1] | ) | Case No. 03-12414 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## DEBTORS' APPLICATION FOR ORDER UNDER BANKRUPTCY CODE SECTION 327(a), FED. R. BANKR. P. 2014 AND DEL.BANKR.LR 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP TO PROVIDE AUDIT AND TAX SERVICES FOR DEBTORS AND DEBTORS IN POSSESSION

The above captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby move this Court for the entry of an order, pursuant to 11 U.S.C. §§ 327(a), Fed. R. Bankr. P. 2014 and Local Rule 2014-1 of the United States Bankruptcy Court for the District of Delaware authorizing the employment and retention of Ernst & Young LLP ("E&Y"), to provide audit and tax services (the "Application") on the terms and conditions contained therein and in various engagement letters entered into between E&Y and the Debtors (the "Engagement Letters"). In support of this Application, the Debtors rely on the affidavit of Michael Friedman, a partner with E&Y (the "Friedman Affidavit"). In further support of this Application, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following entities: ACP Holding Company, NFC Castings, Inc., Neenah Foundry Company, Cast Alloys, Inc., Neenah Transport, Inc., Advanced Cast Products, Inc., Gregg Industries, Inc., Mercer Forge Corporation, Deeter Foundry, Inc., Dalton Corporation, Belcher Corporation, Peerless Corporation, A&M Specialties, Inc., Dalton Corporation, Warsaw Manufacturing Facility, Dalton Corporation, Ashland Manufacturing Facility, Dalton Corporation, Kendallville Manufacturing Facility, Dalton Corporation, Stryker Machining Facility.

59892-001\DOCS_DE:77880.1

## Jurisdiction

1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2.　　The statutory predicate for the relief requested herein is 11 U.S.C. §§ 327(a), Fed. R. Bankr. P. 2014 (the "Bankruptcy Rules") and Del.Bankr.LR 2014-1 (the "Local Rules").

## Background

**A.　　The Chapter 11 Filings**

3.　　On August 5, 2003 (the "Petition Date"), the Debtors filed voluntary petitions in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4.　　No trustee or examiner has been appointed in the Debtors' chapter 11 cases and no official committees have been appointed or designated by the Office of the United States Trustee.

**B.　　The Debtors' Businesses**

5.　　In 1872, Neenah Corporation, the predecessor to Neenah Foundry Company, was founded as a family-run business in Neenah, Wisconsin. In 1997, Neenah Corporation was acquired by NFC Castings, Inc. ("NFC"), a wholly owned subsidiary of ACP Holding Company ("ACP"). Later in 1997, Neenah Foundry Company, then a wholly owned

subsidiary, was merged with and into Neenah Corporation which was then renamed Neenah Foundry Company ("Neenah"). Thereafter, Neenah began a strategic initiative to grow and diversify its businesses by acquiring similar and complimentary companies in the casting and forging industries. ACP, NFC, Neenah, and Neenah's domestic subsidiaries[2] are the Debtors in these chapter 11 cases.

6.     The Debtors have manufacturing facilities in Wisconsin, Nebraska, Ohio, Pennsylvania, Indiana, and California. The Debtors sell their products throughout the 48 continental United States.

7.     The Debtors manufacture and market a wide range of iron castings and steel forgings for municipal markets and selected segments of industrial markets. The Debtors' broad range of municipal iron castings include manhole covers and frames, storm sewer frames and grates, heavy-duty airport castings, specialized trench drain castings, specialty flood control castings and ornamental tree grates. The Debtors sell these municipal castings throughout the United States to state and local governmental entities, utility companies, precast concrete manhole structure producers, and contractors for both new construction and infrastructure replacement. The Debtors are also a leading manufacturer of a wide range of complex industrial castings, including castings for the transportation industry, the farm equipment industry, and the heating, ventilation and air conditioning ("HVAC") industry.

---

[2] The domestic subsidiaries are the following direct and indirect wholly owned subsidiaries of Neenah: Advanced Cast Products, Inc. (as well as its inactive wholly-owned subsidiaries Belcher Corporation and Peerless Corporation), the inactive subsidiary Cast Alloys, Inc., Dalton Corporation (as well as its wholly-owned subsidiaries Dalton Corporation, Warsaw Manufacturing Facility; Dalton Corporation, Kendallville Manufacturing Facility; Dalton Corporation, Stryker Machining Facility; and the inactive subsidiary Dalton Corporation, Ashland Manufacturing Facility), Deeter Foundry, Inc., Gregg Industries, Inc., Mercer Forge Corporation (as well as its wholly-owned subsidiary A&M Specialties, Inc.), and Neenah Transport, Inc. (collectively, the "Subsidiaries").

8. In fiscal year ended September 30, 2002, the Debtors' net sales were in excess of $405 million and the book value of the Debtors' assets was in excess of $582 million. The Debtors currently employ approximately 2,800 full time employees of whom approximately 2,300 are hourly and 500 are salaried.

### C. The Chapter 11 Cases

9. The Debtors commenced these chapter 11 cases to eliminate a substantial amount of debt, significantly reduce cash interest expense payments, and improve the Debtors' balance sheet and operating flexibility. Additionally, the Debtors seek to complete certain restructuring initiatives and maintain and enhance their market leadership position.

10. On July 1, 2003, the Debtors circulated the Disclosure Statement for the prepetition solicitation of votes with respect to the Prepackaged Joint Plan of Reorganization of ACP Holding Company, NFC Castings, Inc., Neenah Foundry Company and Certain of Its Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan"). The Plan is the result of detailed negotiations with the Holders of Existing Subordinated Notes represented on the unofficial committee and is supported by that committee.

11. The Debtors have obtained the requisite votes to confirm the Plan from the Holders of claims or interests entitled to vote on the Plan and, accordingly, the Debtors intend to proceed towards swift confirmation of the Plan.

### Relief Requested

12. By this Application, the Debtors seek the entry of the attached order, pursuant to Sections 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule

2014-1 authorizing the Debtors to retain and employ E&Y to provide audit, accounting, and tax and other necessary services during these chapter 11 cases, as more fully described below and in the annexed Friedman Affidavit and Engagement Letters.

13. E&Y has extensive experience in providing auditing, accounting and tax services in restructurings and reorganizations. Specifically, E&Y is one of the country's leading accounting firms with expertise in mergers and acquisitions, restructurings, and other accounting and auditing services. E&Y has had extensive experience in reorganization proceedings and enjoys an excellent reputation for services which they have rendered in large and complex chapter 11 cases throughout the United States on behalf of both debtors and creditors.

14. E&Y has been working with the Debtors since 1997. As a result, E&Y has extensive knowledge of the Debtors' financial and tax information and are familiar with the Debtors' business to the extent necessary to efficiently perform the proposed and anticipated services contemplated herein. The cost and delay of obtaining and educating new accountants who do not possess the extensive knowledge of the Debtors' financial and tax history would be detrimental to the Debtors' reorganization efforts.

15. The Debtors now seek to retain and employ E&Y as their auditors for the Debtors' consolidated financial statements and to prepare the Debtors' federal and state tax returns during the administration of these Cases because of the familiarity with the Debtors' financial and business histories that exists and because of E&Y's expertise in the field. E&Y has indicated a willingness to act on behalf of the Debtors and to subject itself to the jurisdiction and supervision of this Court. Accordingly, the Debtors believe that E&Y is uniquely qualified to

represent them in these Cases in an efficient and effective manner. Therefore, the Debtors believe that retention of E&Y is in the best interests of creditors and these estates.

16. E&Y will provide such auditing and tax services for the Debtors as E&Y and the Debtors shall deem appropriate and feasible to audit the Debtors' consolidated financial statements and to prepare the Debtors' federal and state tax returns.

17. As stated earlier, E&Y and the Debtors have entered into Engagement Letters that will govern the scope of E&Y's engagement with respect to services it will provide in the bankruptcy cases. Each of the Engagement Letter more fully describes the services to be provided by E&Y to the Debtors, and copies of each are attached to the Friedman Affidavit as <u>Exhibit A</u>.

18. In performing these services for the Debtors, E&Y will not be assuming the role of management; E&Y's role will be advisory only. It is understood that any decision to implement E&Y's recommendations or to act on E&Y's advice will be solely in the Debtor's discretion.

19. Under section 327(a) of the Bankruptcy Code, the trustee or debtor in possession is authorized to employ one or more attorneys that do not hold or represent an interest adverse to the estate and that are "disinterested persons", as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the trustee in carrying out the trustee in carrying out the trustee's duties under the Bankruptcy Code. 11 U.S.C. §§ 101(14) and 327(a). Section 1107(b) of the Bankruptcy Code modifies section 101(14) and 327(a) in cases under chapter 11 of the Bankruptcy Code, providing that a person is not disqualified for employment under section 327(a) of the Bankruptcy Code by a debtor in possession solely because of such

person's employment by or representation of the debtor before commencement of the case. 11 U.S.C. § 1107(b). Under section 328(a) of the Bankruptcy Code, a professional retained under section 327(a) may be employed on any reasonable terms or conditions, including on retainer or on an hourly basis. 11 U.S.C. §328(a).

20. Upon information and belief, and except as disclosed herein and in the Friedman Affidavit, the members and associates of E&Y do not represent and do not hold any interest adverse to the Debtors' estates or to their creditors in the matters upon which the firm is to be engaged and are disinterested within the meaning of the Bankruptcy Code. Moreover, except as disclosed in the Friedman Affidavit, E&Y has not represented and has no adverse connection with the Debtors, its creditors, stockholders, or any other party in interest (or their respective attorneys and accountants), the United States Trustee or any person employed in the office of the United States Trustee, in any matter relating to the Debtors or their estates.

21. In the ordinary course of business, the Debtors have engaged E&Y to provide certain audit services. At this time, the Debtors have determined that will continue to engage E&Y for these services as set forth in the Engagement Letter attached to the Friedman Affidavit as Exhibit A.

22. Fees. The Debtors have been advised that, subject to this Court's approval, E&Y will charge the Debtors based on the time expended to render such services and at billing rates commensurate with the experience of the person performing such services. Subject to the Court's approval and pursuant to the terms and conditions of the Engagement Letter, E&Y intends to charge for the professional services rendered to the Debtors for audit services in these Chapter 11 Cases on the following schedule:

|                          | Hourly Rates |
|--------------------------|--------------|
| Partners and Principals  | $475         |
| Technical Review Partner | $650         |
| Senior Manager           | $390         |
| Manager                  | $290         |
| Senior                   | $195-225     |
| Staff                    | $135-160     |

Tax Services

|                       | Tax Outsourcing Services Hourly Rates |
|-----------------------|---------------------------------------|
| Compliance Manager    | $238                                  |
| Compliance Specialist | $142                                  |
| Compliance Staff      | $110                                  |
| Consulting Senior     | $212                                  |
| Consulting Staff      | $133                                  |

Tax Consulting Rates

|                              | Tax Consulting Services Hourly Rates |
|------------------------------|--------------------------------------|
| Partners and Principals      | $462-521                             |
| Senior Managers and Managers | $391-470                             |
| Seniors and Staff            | $178-284                             |

23. E&Y has not received a retainer in connection with postpetition services to be rendered to the Debtors. E&Y intends to apply all payments received from the Debtors to its fees incurred by the Debtors and E&Y's expenses in connection with E&Y's provision of services in the chapter 11 proceedings, subject to and in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules and orders of this Court, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330.

## Notice

24. Notice of the Motion has been given to (a) the Office of the United States Trustee; (b) counsel to the Lenders; (c) counsel to the Ad Hoc Committee of Bondholders; (d) the Debtors' thirty largest unsecured creditors; and (e) those persons who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

25. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form annexed hereto, (a) authorizing the employment and retention of E&Y to provide the Debtors' audit and tax services and (b) granting such other and further relief as this Court deems just and proper.

Dated: August 29, 2003

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
James W. Kapp III
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Rachel Lowy Werkheiser (Bar No. 3753)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel to the Debtors and Debtors in Possession